IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARTIN PERALES, et al.,

   Plaintiffs,

     v.

BANK OF AMERICA, HOME
LOANS N.A.,

   Defendant.

CIVIL ACTION FILE
NO. 1:11-CV-3788-TWT

ORDER

This is an action under the Fair Debt Collection Act. It is before the Court on the Defendant Bank of America, Home Loans N.A.'s Motion to Dismiss [Doc. 4] and Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 4(m) [Doc. 5]. For the reasons set forth below, the Court GRANTS the Defendant's Motion to Dismiss [Doc. 4] and DENIES AS MOOT the Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 4(m) [Doc. 5].

I. Background

Martin Perales and Betsy Guzman entered into a mortgage secured by property located at 264 Hickory View Drive, Lawrenceville, Georgia 30046 (the "Property"). Perales and Guzman apparently allege that the Defendant, Bank of America, Home

Loans N.A. ("Bank of America"), holds a lien on the Property.[1]  A foreclosure sale was set for November 4, 2011.

On October 19, 2011, Perales and Guzman filed this lawsuit against Bank of America in the Superior Court of Gwinnett County [Doc. 1-1].  The Complaint alleges theft, conspiracy, violation of the Fair Debt Collection Practices Act, violation of the duty of good faith and fair dealing, fraud, and unfair trade practices.  On November 3, 2011, Bank of America removed the Complaint to this Court.  On November 4, 2011, the Court denied the Plaintiffs' motion for a temporary restraining order [Doc. 3].  On November 10, 2011, Bank of America filed a Motion to Dismiss [Doc. 4].[2]  The Defendant argues that the Complaint fails to state a claim under Federal Rules of Civil Procedure 8(a) and 12(b)(6).

## II.  Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a

---

[1] The exact relationship between the Plaintiffs and the Defendant is not clear from the Complaint.

[2] The Plaintiffs did not respond to the Defendant's Motion to Dismiss.

plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted).  In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

### III.  Discussion

####   A.   Criminal Violations

The Plaintiffs allege that the Defendant "has been engaged in theft of real property" and "in a conspiracy to commit a crime 'theft by taking.'" (Compl. ¶¶ 3-5.) Further, the Plaintiffs allege that the Defendants are "guilty" of violating various sections of the Georgia code.  (See id. ¶ 3.)  Finally, the Plaintiffs quote O.C.G.A. § 16-4-8, apparently in support of their conspiracy allegations.  The Complaint, however, offers no facts to support any of the conclusory allegations that the

Defendant violated Georgia law.  See Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010) (noting that court should disregard "conclusory allegations that are not entitled to an assumption of truth–legal conclusions must be supported by factual allegations.").  For this reason, the Plaintiffs' claims based on violations of Georgia criminal statutes are dismissed.

      B.     Fair Debt Collection Practices Act

The Plaintiffs allege the Defendant is "in violation of the Fair Debt Collections Practices Act" ("FDCPA").  (Compl. ¶ 9.)  After quoting 15 U.S.C. § 1692, the Plaintiffs assert that "[i]t is possible that if the Defendant is not the Real Party in Interest to the contracts, which are the subject matter of this complaint, then the Defendant is merely acting as a servicer or debt collector."  (Id.)  The Plaintiffs allege no facts showing that the Defendant was a debt collector.  See Jenkins v. McCalla Raymer, LLC, No. 10-CV-3732, 2011 U.S. Dist. LEXIS 95652, at *50 (N.D. Ga. July 28, 2011) (dismissing FDCPA claim where "[p]laintiffs' second amended complaint [did] not allege facts indicating that [the defendants] were debt collectors.").  Indeed, the Plaintiffs do not even allege that the Defendant is a debt collector.  (See Compl. ¶¶ 9 & 12.)  For this reason, the Plaintiffs' FDCPA claims are dismissed.

C.   Good Faith and Fair Dealing

The Plaintiffs assert that "[a] mortgage contains and implied covenant of good faith and fair dealing." (Id. ¶ 17.) Apparently, the Plaintiffs contend that the Defendant violated that covenant. However, "[t]he law is clear that there exists no independent cause of action for breach of good faith and fair dealing outside of a claim for breach of contract." Cone Fin. Grp., Inc. v. Employers. Ins. Co., 2010 U.S. Dist. LEXIS 82820, at *5 (M.D. Ga. Aug. 13, 2010). Here, the Plaintiffs do not cite any provision of any contract allegedly breached by the Defendant. For this reason, the Plaintiffs' good faith and fair dealing claim is dismissed.

D.   Fraud

The Plaintiffs allege that the Defendant "gave a false statement of material fact in its silence regarding the collateralization, securitization, or making of a derivative of the promissory note." (Compl. ¶ 22.) "The tort of fraud has five elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages." Lehman v. Keller, 297 Ga. App. 371, 372-73 (2009). Further, under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Here, the Complaint does not specify what information "regarding the

collateralization, securitization, or making of a derivative" the Defendant omitted. Further, the Plaintiffs do not plead any facts showing that such omitted information was material. For these reasons, the Plaintiffs' fraud claims are dismissed.

E.     Unfair Trade Practices

The Plaintiffs have titled Count III "Unfair Trade Practice." (Compl., at 10.) The Complaint, however, cites no statute that the Defendant allegedly violated. Further, the Plaintiffs plead no facts showing that the Defendant engaged in unfair trade practices. Indeed, the allegations in Count III do not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). For this reason, the Plaintiffs' unfair trade practices claim is dismissed.

F.     Produce the Note

To the extent the Plaintiffs claim that the Defendant must produce the note, that "theory has no bite." Cooke v. BAC Home Loans Servicing, LP, 2011 U.S. Dist. LEXIS 120609, at *6 (N.D. Ga. Oct. 18, 2011). "[N]othing in Georgia law requires the lender commencing foreclosure proceedings to produce the original note." Id. (quoting Watkins v. Beneficial, HSBC Mortg., No. 10-CV-1999, 2010 U.S. Dist. LEXIS 112857, at *15 (N.D. Ga. Sept. 2, 2010)). For this reason, the Plaintiffs' "produce the note" claim is dismissed.

G.    Declaratory Judgment Act

Claim IV of the Complaint addresses the Declaratory Judgment Act. The Plaintiffs, however, do not specify what they would like the Court to declare. As with the other counts, the Plaintiffs plead no facts that would entitle them to relief. For this reason, the Plaintiffs' Declaratory Judgment Act count is dismissed.

## IV.  Conclusion

For the reasons set forth above, the Court GRANTS the Defendant's Motion to Dismiss [Doc. 4] and DENIES AS MOOT the Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 4(m) [Doc. 5].

SO ORDERED, this 3 day of July, 2012.


    /s/Thomas W. Thrash
    THOMAS W. THRASH, JR.
    United States District Judge